

*U.S. Department of Justice*

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*            *973-645-2700*
*Newark, New Jersey 07102*

February 3, 2023

Stacy Ann Biancamano, Esq.
Daniel Holzapfel, Esq.
Biancamano Law, LLC
42A North 20th Street
Kenilworth, NJ 07033

Re:      Plea Agreement with Darryl Dancy
         <u>Crim. No. 19-658 (KM)</u>

Dear Ms. Biancamano:

      This letter sets forth the plea agreement between your client, Darryl Dancy ("Dancy"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on <u>February 21, 2023</u> if it is not accepted in writing by that date.

Charges

      Conditioned on the understandings specified below, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from Dancy to Counts One, Four and Five of the Indictment that charges (Count One) possession with intent to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); (Count Four) possession of firearms without serial numbers, in violation of Title 26 U.S.C. Sections 5861(i) and 5871; and (Count Five) possession of firearms and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). The remaining counts of the Indictment will be dismissed by the Government.

      If Dancy enters a guilty plea to these charges and is sentenced to a term of imprisonment within the range of 80 to 88 months' imprisonment and four years of supervised release (the "Stipulated Sentencing Range"), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Dancy for possession with intent to distribute 100 grams or more of heroin, possession of a firearm or short-barreled shotgun in furtherance of a drug trafficking crime, possession of short-barreled rifles in furtherance of a drug trafficking crime, possession of firearms without serial numbers, and possession of firearms and ammunition by a convicted felon on or about June 19, 2018.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Dancy agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Dancy may be commenced against him, notwithstanding the expiration of the limitations period after Dancy signs the agreement.

Should the Court, pursuant to Rule 11(c)(5), at any time reject this plea agreement under Rule 11(c)(1)(C) by either not accepting the Stipulated Sentencing Range or not accepting the plea of guilty, either party may elect to withdraw from this plea agreement and the parties will be returned to the status prior to the entry of the guilty plea. In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this plea agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

Sentencing

The violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) to which Dancy agrees to plead guilty in Count One of the Indictment carries a statutory mandatory minimum sentence of 5 years, a maximum prison sentence of 40 years and a statutory maximum fine equal to the greatest of: (1) $5,000,000, (2) twice the gross amount of any pecuniary gain to Dancy, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of Title 26, United States Code, Sections 5861(i) and 5871 to which Dancy agrees to plead guilty in Count Four of the Indictment carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain to Dancy, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of Title 18, United States Code, Section 922(g)(1) to which Dancy agrees to plead guilty in Count Five of the Indictment carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain to Dancy, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on Dancy, the sentencing judge: (1) will order Dancy to pay an assessment of $100 per count, for a total of $300, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Dancy to pay restitution pursuant to 18 U.S.C. § 3663 *et*

*seq.*; (3) must order forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461; and (4) pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, may order Dancy to serve a term of supervised release of (i) at least four years on Count One and (ii) not more than three years on Counts Four and Five which terms of supervised release will begin at the expiration of any term of imprisonment imposed. Should Dancy be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Dancy may be sentenced to not more than two years' imprisonment on Counts Four and Five, and not more than five years' imprisonment on Count One, in addition to any prison terms previously imposed, regardless of the statutory maximum terms of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office and Dancy agree that a sentence within the range of 80 to 88 months' imprisonment and five years of supervised release is the appropriate disposition of the case. Accordingly, pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court will be bound to sentence Dancy to a term of imprisonment within the range of 80 to 88 months' imprisonment, followed by five years of supervised release. If, however, the sentencing judge rejects this plea agreement and the Stipulated Sentencing Range, Dancy has the opportunity, pursuant to Rule 11(c)(5)(B), to withdraw his plea of guilty, and the government also reserves the right to withdraw from the plea agreement.

Forfeiture

Dancy agrees that, as part of his acceptance of responsibility, he will forfeit to the United States any and all rights, title, and interest in the following specific property, which was seized from his house on or about June 19, 2018, pursuant to 18 U.S.C. § 2428 and 21 U.S.C. § 853 ("the Forfeitable Property"):

(1) a short-barreled 12-gauge Mossberg Maverick Model 88 pump-action shotgun, bearing serial number MV69340K;

(2) a .223 caliber Kel-Tec Model PLR-16 semiautomatic pistol, bearing serial number POC58;

(3) a .45 caliber Smith & Wesson Model SW1911PD semiautomatic handgun, bearing serial number JRJ2091;

(4) a .40 caliber Smith & Wesson Model SW40VE semiautomatic handgun, bearing a defaced serial number;

(5) a .38 caliber Smith & Wesson Model 638-3 revolver, bearing serial number CMY7698;

    (6) a .22 caliber Iver Johnson Model Supershot Sealed Eight revolver, bearing serial number L35080;

    (7) a 9-millimeter Pietro Beretta Model 92FS semiautomatic handgun, bearing serial number J25615Z;

    (8) a .40 caliber Kel-Tec Model SUB2000 semiautomatic rifle, bearing serial number E2156;

    (9) two .223 caliber semiautomatic rifles bearing no manufacturer names, bearing no serial numbers;

    (10) twenty-eight rounds of .40 caliber ammunition;

    (11) fifteen rounds of 9-millimeter ammunition;

    (12) eight rounds of .45 caliber ammunition;

    (13) eight rounds of .22 caliber ammunition;

    (14) several hundred additional rounds of ammunition;

    (15) numerous ammunition magazines;

    (16) two firearms silencers;

    (17) a ballistic vest; and

    (18) $22,370 in United States currency.

    All right, title, and interest in the Forfeitable Property, and all proceeds traceable thereto, shall be transferred or delivered to the United States Marshals Service on or before the date Dancy enters his plea of guilty pursuant to this agreement.

    Dancy further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Dancy agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Dancy understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J)

at the guilty plea proceeding.

Dancy hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Dancy by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Dancy's activities and relevant conduct with respect to this case.

Stipulations

This Office and Dancy agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby are made a part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Dancy from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

This Office and Dancy agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. Dancy further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel.

The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence. But this waiver does not apply to:

1. Any proceeding to revoke the term of supervised release.

2. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

3. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

Lastly, the parties have stipulated to certain facts in the Schedule A to this plea agreement. Accordingly, the parties agree that they will not challenge at any time, using any means, the District Court's acceptance of those stipulated facts.

Immigration Consequences

Dancy understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Dancy understands that any immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Dancy wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Dancy understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Dancy waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Dancy. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Dancy.

No provision of this agreement shall preclude Dancy from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Dancy and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: James Donnelly
Assistant United States Attorney

APPROVED:

JAMEL SEMPER
Deputy Chief, Criminal Division

I have received this letter from my attorneys, Stacy Ann Biancamano, Esq. and Daniel Holzapfel, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact that Federal Rule of Criminal Procedure 11(c)(1)(C) has upon the agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

s/ Darryl Dancy *  Date: 2/7/2023
Darryl Dancy

\* Signed by counsel with client's consent

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact that Federal Rule of Criminal Procedure 11(c)(1)(C) has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Daniel Holzapfel  Date: 2/7/2023
Stacy Ann Biancamano, Esq.
Daniel Holzapfel, Esq.
Counsel for Defendant

Plea Agreement with Darryl Dancy

Schedule A

This Office and Dancy agree to stipulate to the following facts:

a) On or about December 21, 2001, Dancy was convicted in the Superior Court of Ocean County, New Jersey, of receiving stolen property, in violation of N.J.S.A. 2C:20-7, and theft, in violation of N.J.S.A. 2C:20-3, each of which is punishable by imprisonment for a term exceeding one year.

b) As a result of the December 21, 2001 conviction described in subparagraph (a), Dancy knew, on or about June 18, 2019, that he was a convicted felon and was not permitted to possess a firearm or ammunition.

c) On or about June 19, 2018, Dancy, knowing that he had previously been convicted in a court of at least one crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting interstate commerce firearms and ammunition, namely: (1) a 12-gauge Mossberg Maverick Model 88 pump-action shotgun, bearing serial number MV69340K; (2) a .223-caliber Kel-Tec Model PLR-16 semiautomatic pistol, bearing serial number POC58; (3) a .45-caliber Smith & Wesson Model SW1911PD semiautomatic handgun, bearing serial number JRJ2091, which was loaded with eight rounds of .45-caliber ammunition; (4) a .40-caliber Smith & Wesson Model SW40VE semiautomatic handgun, with a defaced serial number, which was loaded with thirteen rounds of .40-caliber ammunition; (5) a .38-caliber Smith & Wesson Model 638-3 revolver, bearing serial number CMY7698; (6) a .22-caliber Iver Johnson Model Supershot Sealed Eight revolver, bearing serial number L35080, which was loaded with eight rounds of .22-caliber ammunition; (7) a 9-millimeter Pietro Beretta Model 92FS semiautomatic handgun, bearing serial number J25615Z, which was loaded with fifteen rounds of 9-millimeter ammunition; (8) a .40-caliber Kel-Tec Model SUB2000 semiautomatic rifle, bearing serial number E2156, which was loaded with fifteen rounds of ammunition; (9) two .223-caliber semiautomatic rifles bearing no manufacturer names or serial numbers; and (10) several hundred additional rounds of ammunition.

d) On or about June 19, 2018, Dancy knowingly and intentionally possessed with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

2. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.